BENJAMIN B. WAGNER
United States Attorney
DAVID T. SHELLEDY
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CV-00783-AWI-SKO |
| Plaintiff, | **ORDER REGARDING CLERK'S ISSUANCE OF WARRANT FOR ARREST OF ARTICLES *IN REM*** |
| v. | |
| 2007 FORD F-150 PICKUP TRUCK, LICENSE NUMBER 8X28407, VIN: 1FTPW12V67KA73125, | |
| Defendant. | |

WHEREAS, a Verified Complaint for Forfeiture *In Rem* has been filed on May 13, 2011, in the United States District Court for the Eastern District of California, alleging that the defendant 2007 Ford F-150 Pickup Truck, License Number 8X28407, VIN: 1FTPW12V67KA73125 (hereafter "defendant vehicle") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for one or more violations of 21 U.S.C. §§ 841 *et seq.*;

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem* and the affidavit of Drug Enforcement Administration Special Agent Randall Hoover, there is probable cause to believe that the defendant vehicle so described constitutes property that is subject to forfeiture for such violation(s), and that grounds for the issuance of a Warrant for Arrest of Articles *In Rem* exist,

1 | pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime
2 | Claims and Asset Forfeiture Actions;
3 |     IT IS HEREBY ORDERED that the Clerk for the United States District
4 | Court, Eastern District of California, shall issue a Warrant for Arrest of Articles *In*
5 | *Rem* for the defendant vehicle.

7 | Dated: 5/26/11

JENNIFER L. THURSTON
United States Magistrate Judge

## AFFIDAVIT OF RANDALL HOOVER

I, Randall Hoover, being first duly sworn under oath, depose and say:

1. I am employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), as a Special Agent and have been so employed since September 2004, and assigned to the Bakersfield Resident Office since March 2005. As a DEA Special Agent ("SA"), I am charged specifically with the enforcement of the Controlled Substances Act and the investigation of Federal drug violations, including but not limited to, Title 21, United States Code (U.S.C.), Sections 841(a)(1) and 846. I received sixteen weeks of training in narcotics investigations at the DEA Justice Center at Quantico, Virginia. I have participated in investigations of organizations trafficking in controlled substances and, among other things, have conducted or participated in surveillances, the execution of search warrants, and debriefing of informants. Through my training, education, and experience, I have become familiar with the manner in which drug traffickers conduct their illicit activities. I have been the case agent for, or have assisted in, several narcotics investigations which have led to the seizure of narcotics and arrests of numerous individuals. I have discussed with numerous law enforcement officers, cooperating defendants, and informants, the methods and practices used by narcotics distributors.

2. Based on my training and experience, and working closely with other law enforcement officers, I have become very familiar with criminal methods used to manufacture, possess, package, conceal, transport, and distribute narcotics. I have made or participated in numerous drug-related arrests and conducted complex narcotics investigations. I have testified in state and federal courts concerning criminal controlled substances charges. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am an officer of the United States, empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. The facts

set forth in this affidavit are known to me as a result of my investigation and interviews with agents and officers who are named in this affidavit.

3. This affidavit is made in support of a warrant for arrest of defendant 2007 Ford F-150 Pickup Truck, License Number 8X28407, VIN: 1FTPW12V67KA73125 (hereafter "defendant vehicle"). The defendant vehicle constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*. As a result of the foregoing, the defendant vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

4. The facts set forth in this affidavit are known to me as a result of reviewing official reports, documents, and other evidence obtained as a result of the investigation, and through conversations with other agents and detectives who have participated in the investigation and I have determined the following:

5. In or about the beginning of 2009, law enforcement agents with the San Antonio, Texas Drug Enforcement Administration and Bakersfield, California Drug Enforcement Administration ("DEA") began an investigation concerning the methamphetamine sales and distribution activities of Adan Montalvo (hereafter "Montalvo") and his Drug Trafficking Organization ("DTO"). The investigation revealed that the Montalvo DTO was operating in both Austin, Texas and Bakersfield, California. The investigation also revealed that Robin Strickland, Greg Farris, and other co-conspirators were actively involved in the sale and distribution of methamphetamine for the Montalvo DTO. In June 2009, Robin Strickland was arrested by the Houston Police Department for possession of a controlled substance and subsequently sentenced to 12 years in prison.

6. In February 2010, agents met with a confidential source ("CS") concerning the drug trafficking activities of Montalvo. During this meeting the CS confirmed that

Robin Strickland was a distributor for the Montalvo DTO and stated that at the time of his arrest Robin Strickland owed Montalvo approximately $40,000.00. The CS stated that Montalvo had directed him/her to take possession of the Ford pickup owned by Robin Strickland. The CS advised that s/he had contacted an acquaintance by the name of Roger Peters and tasked him with obtaining the Ford pickup for Montalvo from Roy Strickland, Robin Strickland's father. The CS stated that Roger Peters failed to obtain the Ford pickup, whereupon the CS contacted Greg Farris, who agreed to take possession of the Ford pickup from Roy Strickland and change the title on the vehicle. The CS stated that Greg Farris was aware that Robin Strickland's pickup was collateral for a drug debt owed by Robin Strickland to Montalvo. The CS advised that on or about December 22, 2009, Greg Farris retrieved the Ford pickup and met with Montalvo near San Marcos, Texas to give Montalvo the vehicle. The CS stated that Greg Farris told Montalvo that he would use his car business to re-title the truck in Montalvo's name.

7. On July 13, 2010, agents with the DEA Bakersfield Resident Office, in conjunction with agents from the DEA San Antonio District Office and the Bakersfield Police Department, executed a search warrant at the residence of Montalvo located at 25 Columbus Boulevard, in Bakersfield, California. Upon entry into the residence, agents encountered Montalvo, his mother Agida Montalvo, Motalvo's brother Hilario Montalvo, Jr., and Montalvo's minor daughter. Montalvo was read his *Miranda* rights and agreed to speak with agents. Montalvo told agents that illegal narcotics were in a violin case in his bedroom.

8. Agents subsequently found and seized 34.20 grams of methamphetamine from a violin case, located in the middle bedroom of the residence. In the south bedroom of the residence, agents found $3,200.00 in U.S. Currency. When asked about the currency, Montalvo, his mother, his brother, and his minor child claimed to have no knowledge of it. During the execution of the search warrant at Montalvo's residence, agents also located the defendant vehicle, and seized it based on information that it was

given to Montalvo to satisfy a drug debt.

9. During a subsequent interview with agents, Montalvo admitted to distribution of 5-to-10 pound quantities of methamphetamine to Central Texas monthly. Montalvo also stated that he paid Greg Farris $500 to deliver the defendant vehicle to him near San Marcos, Texas in January of 2010, and that Greg Farris knew that the defendant vehicle was payment for a drug debt.

10. On August 24, 2010, a DEA Task Force Officer and Special Agent interviewed Roy Strickland at his residence in Live Oak, Texas. During the interview, Roy Strickland stated that his son, Robin Strickland, had contacted him and asked him to find out if the defendant vehicle seized in Bakersfield, California, was the same truck previously registered to Robin Strickland. Roy Strickland stated that his son, Robin, had purchased a 2007 Ford pickup while living in Austin, Texas, and that Roy Strickland had picked up the vehicle and other items belonging to his son, upon Robin Strickland's arrest in 2009 in Houston, Texas. Roy Strickland stated that he paid off the 2007 Ford pickup and registered the vehicle in his name during Robin Strickland's incarceration.

11. Roy Strickland advised that in December 2009, he was contacted at his residence by a white male subject who claimed to be a vehicle repossesser working for "Andy" Adan Montalvo. Roy Strickland stated that the male subject, later identified as Greg Farris, stated that he was there to pick up the defendant vehicle which was a debt owed to Montalvo by Robin Strickland. Roy Strickland advised that Greg Farris had Roy Strickland talk to Montalvo directly via telephone concerning the truck. Roy Strickland stated that he refused to release the truck to Greg Farris without first talking to his son.

12. Roy Strickland advised that he talked with his son Robin Strickland a few days later, and that Robin Strickland told Roy Strickland to let Greg Farris take the truck to Montalvo. Roy Strickland stated that he then re-registered the defendant vehicle in Robin Strickland's name, because he knew that his son had distributed narcotics for Montalvo and he (Roy Strickland) did not want anyone with ties to drug dealers

interfering with his livelihood. Roy Strickland advised that Greg Farris showed up at his residence a week later and took possession of the defendant vehicle.

13. Roy Strickland stated that he subsequently brought up the defendant vehicle approximately a month later during a phone conversation with his son and that Robin Strickland told him not to file a police report for the missing vehicle. Roy Strickland stated to the agents that he felt the defendant vehicle was some kind of debt owed to Montalvo and that he did not want to have anything else to do with it or any of Robin Strickland's former associates.

14. On July 7, 2010, a Grand Jury in the Western District of Texas indicted Adan Montolvo, and others with violation of 21 U.S. C. § 846 to violate 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(I)- Conspiracy to Distribute Methamphetamine.

15. Based on the foregoing, it is respectfully requested that a Warrant for Arrest of Articles *In Rem*, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(3)(b)(I), be issued for the defendant vehicle.

RANDALL HOOVER
Special Agent
Drug Enforcement Administration

Sworn to and Subscribed before me
this 26th day of May 2011.

Honorable JENNIFER L. THURSTON
United States Magistrate Judge

Reviewed and approved as to form

DAVID T. SHELLEDY
Assistant United States Attorney

5                                        Affidavit of Randall Hoover