# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>2007 FORD F-150 PICKUP TRUCK, LICENSE NUMBER 8X28407, VIN: 1FTPW12V67KA73125,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:11-cv-00783-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE BE GRANTED**<br><br>(Docket No. 19)<br><br>**OBJECTIONS DUE: 30 DAYS** |

## I. INTRODUCTION

In this *in rem* forfeiture action, Plaintiff United States of America (the "Government" or "Plaintiff") filed an application for default judgment and for final judgment of forfeiture on October 31, 2011, after obtaining entries of default of the potential claimants on September 22, 2011. (Docs. 18, 19.) No opposition to the Government's application has been filed, and the time to file an opposition has expired. This matter is suitable for submission without oral argument pursuant to Local Rule 230(g), and the hearing set for December 7, 2011, is VACATED. For the reasons set forth below, the Court RECOMMENDS that Plaintiff's application for default judgment and for final judgment of forfeiture be GRANTED.

## II.  FACTUAL BACKGROUND

In the beginning of 2009, law enforcement agents with the San Antonio, Texas, Drug Enforcement Administration ("DEA") and Bakersfield, California, DEA began an investigation concerning the methamphetamine sales and distribution activities of Adan Montalvo ("Montalvo") and his drug trafficking organization ("DTO"). (Verified Compl. ("Doc. 1"), 2:9-13.) The investigation revealed that Montalvo's DTO was operating in Austin, Texas, as well as Bakersfield, California, and that Robin Strickland ("Strickland") and Greg Farris, among other co-conspirators, were involved in sale and distribution activities of the Montalvo DTO. (Doc. 1, 2:13-17.) In June 2009, Strickland was arrested for possession of a controlled substance by the Houston Police Department and was sentenced to 12 years in prison. (Doc. 1, 2:15-19.)

In February 2010, agents met with a confidential source ("CS") who confirmed that Strickland was a distributor for the Montalvo DTO and that Strickland owed Montalvo approximately $40,000. (Doc. 1, 2:20-24.) The CS stated that Montalvo had directed the CS to take possession of Strickland's 2007 Ford F-150 pickup truck, license number 8X28407, VIN: 1FTPW12V67KA73125 ("defendant vehicle"), which was currently in the possession of Strickland's father, Roy Strickland ("Roy"), because Strickland was in prison. (Doc. 1, 2:24-25.) The CS, in turn, asked Roger Peters ("Peters") to obtain the defendant vehicle for Montalvo. (Doc. 1, 2:26-28.) When Peters failed to obtain the defendant vehicle from Roy, the CS then asked Greg Farris ("Farris") to obtain the defendant vehicle and change the title. (Doc. 1, 2:27-3:2.) Farris retrieved the defendant vehicle from Roy and met with Montalvo near San Marcos, Texas, to deliver it to Montalvo. (Doc. 1, 3:2-4.) Farris informed Montalvo that Farris would use his car business to re-title the defendant vehicle in Montalvo's name. (Doc. 1, 3:6-8.)

On July 13, 2010, agents executed a search warrant at Montalvo's residence in Bakersfield, California. (Doc. 1, 3:9-12.) During the search, agents discovered and seized 34.20 grams of methamphetamine from a violin case, $3,200.00 in U.S. currency, and the defendant vehicle. (Doc. 1, 3:17-24.) In a subsequent interview with Montalvo, he admitted to distribution of quantities of methamphetamine and that he had paid Farris $500 to deliver the defendant vehicle to him near San Marcos, Texas, in January 2010. (Doc. 1, 3:25-28.)

1    On August 24, 2010, Roy was interviewed by a DEA task force officer and a special agent.
2  (Doc. 1, 4:3-4.) Roy stated that Strickland had purchased the defendant vehicle while living in
3  Austin, Texas, and that Roy had taken possession of it upon Strickland's arrest in 2009. (Doc. 1, 4:7-
4  10.) Roy asserted that he paid off the loan on the defendant vehicle and registered it in his name
5  during Strickland's incarceration. (Doc. 1, 4:10-12.) In December 2009, Farris had contacted Roy
6  indicating his intent to take possession of the defendant vehicle. (Doc. 1, 4:13-20.) Roy then
7  contacted Strickland who advised Roy to permit Farris take possession. (Doc. 1, 4:21-23.) Roy then
8  re-registered the defendant vehicle, placing title in Strickland's name, and Farris came to Roy's
9  residence and took possession of the defendant vehicle. (Doc. 1, 4:21-28.) Roy told agents that he
10 believed that the defendant vehicle was payment for some kind of debt Strickland owed to Montalvo,
11 and Roy did not want to have anything else to do with it or with any of Strickland's former
12 associates. (Doc. 1, 5:4-6.)

### III.    PROCEDURAL BACKGROUND

14   On May 13, 2011, the Government filed a civil action *in rem* for forfeiture of the defendant
15 vehicle pursuant to 21 U.S.C. § 881(a)(6). On May 26, 2011, the Clerk of Court issued a Warrant
16 for Arrest of Articles In Rem for the defendant vehicle. (Doc. 6.)

17   On May 27, 2011, copies of the Complaint, Application and Order For Publication, Order
18 Re Issuance of Clerk's Arrest Warrant, Affidavit of Randall Hoover, Warrant for Arrest of Articles
19 *In Rem*, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate
20 Judge, Notice of Availability of Voluntary Dispute Resolution, and notice-of-forfeiture letter dated
21 May 27, 2011, ("the case documents") were sent by first class mail and certified mail to Roy
22 Strickland's last known address, 126 Sandy Oaks, San Antonio, Texas, 78233. (Doc. 17-1, Magee
23 Decl., ¶ 5.)

24   Also on May 27, 2011, the case documents were sent by first class and certified mail to
25 Robin Strickland's last known address, 126 Sandy Oaks, San Antonio, Texas, 78233. (Doc. 17-1,
26 Magee Decl., ¶ 7.)

27   On July 7, 2011, the Government received information that Montalvo was incarcerated at the
28 United States Penitentiary in Victorville, California. (Doc. 17-1, Magee Decl., ¶ 9.) On that same

day, the case documents and a notice-of-forfeiture letter dated July 7, 2011, were sent by first class mail and certified mail to Montalvo at Victorville USP, 13777 Air Expressway Boulevard, Victorville, California, 92394.  (Doc. 17-1, Magee Decl., ¶ 9; Doc. 18.)

On July 11, 2011, copies of the case documents were personally served on Roy Strickland. (Doc. 17-1, Magee Decl., ¶ 6.)  Also on July 11, 2011, the United States Marshals Service received information that Robin Strickland was incarcerated at the Texas Department of Justice, John M. Wynne Unit in Huntsville, Texas.  (Doc. 17-1, Magee Decl., ¶ 8.)   On July 26, 2011, Robin Strickland was personally served with the case documents at the Texas Department of Criminal Justice, John M. Wynne Unit, 810 FM 2821 in Huntsville, Texas.  (Doc. 17-1, Magee Decl., ¶ 8; Doc. 14.)

On July 27, 2011, copies of the case documents were personally served on Montalvo at the Federal Correctional Institute at Lompoc, 3901 Klein Boulevard, Lompoc, CA 93436.  (Doc. 17-1, Magee Decl., ¶ 11; Doc. 16.)

No claim with respect to the defendant vehicle was filed by or on behalf of Roy Strickland, Robin Strickland, or Adan Montalvo.  On September 22, 2011, the Clerk of Court entered the defaults of Roy Strickland, Robin Strickland, and Montalvo.  (Doc. 18.)

On October 31, 2011, the Government filed a motion for default judgment and for final judgment of forfeiture vesting all right, title, and interest in the defendant vehicle to the United States.

### IV.   DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 55 provides that a court has discretion to enter default judgment against a party after the clerk has entered the party's default.  In considering whether to enter default judgment, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the compliant; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cit. 1986).

In the context of an *in rem* forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rules"); and the court's Local Rules for Admiralty and *in rem* actions. *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

**B.    Procedural Requirements**

   **1.    Sufficiency of the Complaint**

Pursuant to the Supplemental Rules, the Government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. R. G(2). With regard to the sufficiency of the factual detail of the verified complaint, the Government is not required to show a relationship between the proceeds of a drug crime and a specific drug transaction. Rather, circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

The Government contends that the verified complaint establishes circumstantial evidence indicating that the defendant vehicle was furnished or intended to be furnished in exchange for a controlled substance or listed chemical and is subject to forfeiture pursuant to Section 881(a)(6). Pursuant to 21 U.S.C. § 881(a)(6), the following is subject to forfeiture to the United States:

> (6)    All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all

5

|   |   |
|---|---|
| 1 | proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. |
| 2 |   |

21 U.S.C. § 811(a)(6).

Here, the allegations of the verified complaint indicate that the defendant vehicle was used as payment for a drug debt owed by Strickland to Montalvo. (Doc. 1, ¶¶ 6, 9.) Not only did the CS indicate that the defendant vehicle was to be used to furnish payment on a drug debt, Montalvo admitted in an interview that the defendant vehicle was payment of a drug debt. (Doc. 1, ¶¶ 6, 9.) Based on these allegations in the verified complaint, there is sufficient circumstantial evidence to reasonably believe that the defendant vehicle constitutes a "thing of value" furnished or intended to be furnished in exchange for a controlled substance and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

### 2. Notice by Publication

Subject to certain exceptions not present here, the Supplemental Rules require the Government to publish notice of the forfeiture in a manner that is reasonably calculated to notify potential claimants of the action. Fed. R. Civ. P. Supp. R. G(4)(a)(iv). The content of the notice must describe the property with reasonable particularity, state the times to file a claim and to answer the complaint, and name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(a)(ii)(A)-(C). This notice requirement may be satisfied by posting a notice on an official internet government forfeiture site for at least 30 consecutive days. Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). The Eastern District's Local Rules provide that the court shall designate by order the appropriate newspaper or other vehicle for publication. L.R. 171.

Here, the Court ordered notice by publication to occur on the official internet government forfeiture site, www.forfeiture.gov, for at least 30 consecutive days. (Doc. 4.) The Government filed a Declaration of Publication stating that notice had been created and published on the forfeiture website for 30 days. (Doc. 10.) A copy of the notice was attached to the Declaration of Publication, and it described the property with reasonable particularity by including not only a description of the defendant vehicle's make and model, but also the VIN number associated with the vehicle and where and when it was seized. (Doc. 10, p. 3.) The notice clearly stated the time requirements to file a

claim and an answer. (Doc. 10, p. 3.) Further, the notice provided the name of the attorney to be served with any claim and answer. (Doc. 10, p. 3.) Thus, the Supplemental Rule's notice-content requirements have been satisfied. Fed. R. Civ. P. Supp. R. G(4)(ii)(A)-(C). Additionally, the notice was published for 30 consecutive days from July 8, 2011, through August 6, 2011, on the forfeiture website, which satisfies the Supplemental Rule's notice requirements with regard to frequency and means. (Doc. 10, p. 4.)

        **3.**      **Personal Notice**

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States* 417 F.3d 1189, 1197 (11th Cir. 2005); *Real Property*, 135 F.3d at 1316.

The Supplemental Rules indicate that the Government must send notice of the forfeiture action "to any person who reasonably appears to be a potential claimant on the facts known to the government." Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must include the following information: the date when the notice is sent; a deadline for filing a claim that is at least 35 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the government attorney to be served with the claim and answer.

Here, the Government provided notice of the forfeiture action to Robin Strickland, Roy Strickland, and Adan Montalvo through first class mail, certified mail, and personal service. As required by the Supplemental Rules, the notice informed the potential claimants the date on which the notice was sent, the deadline for filing a claim, that an answer or a motion under Rule 12 was to be filed no later than 21 days after filing a claim, and that any document filed with the Court "must be served on this office," directing service to the office of Benjamin B. Wagner, United States

Attorney for the Eastern District of California located at 2500 Tulare Street, Fresno California.[1] (Magee Decl., Doc. 17-1, Exhibits A-G.)

### 4. The Time to File a Claim or an Answer

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right against the defendant vehicle must have filed a claim with the Court within the time specified by the direct notice. Fed. R. Civ. P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. *Real Property*, 135 F.3d at 1317. In this case, no claim or answer was filed, and defaults were properly entered against Adan Montalvo, Roy Strickland, and Robin Strickland on September 22, 2011. (Doc. 18.)

### 5. Conclusion

The Government has met the procedural requirements applicable to civil *in rem* forfeiture actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules of the Eastern District. This favors the entry of default judgment and the issuance of final judgment in forfeiture to vest in the United States all right, title, and interest in the defendant vehicle.

## C. Discretionary Factors

Beyond satisfaction of the procedural requirements, the discretionary *Eitel* factors outlined by the Ninth Circuit also favor granting the Government's motion for default judgment.

First, the Government would be prejudiced if the motion is denied by spending additional time and effort litigating an action in which no claimants have appeared. Second, the Government's claims appear to have merit. Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action *in rem*, including the filing of a sufficient complaint. Fourth, the item that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, there are no genuine issues of material fact that are disputed. Sixth, there is no evidence that the failure of any claimant to answer is due to excusable neglect. Finally,

---

[1] The notice provides the name of the United States Attorney, Benjamin B. Wagner, indicating that service of any claim or answer must be served on the office of the United States Attorney for the Eastern District of California, at 2500 Tulare Street, Suite 4401, Fresno, California. This satisfies the notice to known potential claimants pursuant to Rule G(4)(b)(ii)(D).

although merits-based decisions are always preferred, it is not practical where no claimant has appeared, and this factor is outweighed by the remainder of the *Eitel* factors.

## V.  RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY RECOMMENDED that:

1. The District Court grant Plaintiff United States of America default judgment against the interests of Roy Strickland, Robin Strickland, and Adan Montalvo; and

2. The District Court direct the Clerk of the Court to enter a final judgment of forfeiture vesting in Plaintiff United States of America all right, title, and interest in the defendant vehicle.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 5, 2011**               /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE